UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LAFREIDA HUDLESTON | * | CIVIL ACTION NO. 11-1427 |
| VERSUS | * | JUDGE JAMES |
| RIN TIN TIN, INC., AND DAPHNE HEREFORD | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the district court is an unopposed motion to dismiss for lack of personal jurisdiction filed by defendants RIN TIN TIN, INC., and Daphne Hereford, seeking dismissal of defendant Daphne Hereford. For reasons stated below, it is recommended that the motion be **GRANTED**.

## Procedural History

Plaintiff LaFreida Hudleston filed the instant suit on July 7, 2011, in the Fourth Judicial District Court, Ouachita Parish. Made defendants were RIN TIN TIN, INCORPORATED ("RIN TIN TIN"), and Daphne Hereford, the former President and Chairman of the Board of Directors of RIN TIN TIN. Although phrased as a negligence action by the Plaintiff,[1] this dispute is essentially one in contract, concerning the ownership and breeding of six registered purebred German Shepherd dogs. Hudleston alleges that Defendants have failed to transfer ownership to her of the dogs. (*See* Petition, ¶ 22). Plaintiff further alleges that Defendants have failed to pay

---

[1] The Petition claims that "Petitioner has sustained numerous general and special damages as a result of the defendant's negligence in this matter, including . . . mental anguish . . . ." However, the Plaintiff has not attempted to describe any particular negligent act committed by the defendants.

veterinary bills and boarding costs associated with certain dogs, as well as collection/storage costs related to the frozen semen of one of the dogs. (*See*, Petition, ¶¶ 8-9, 15-16). Finally, Plaintiff demands that the name of one of the dogs be changed back to "its proper name" with the American Kennel Club. (*See* Petition, ¶ 6).

On August 3, 2011, defendants removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1332, and diversity jurisdiction, 28 U.S.C. § 1332. On August 31, 2011, the court found both grounds for diversity to be deficient, but allowed the defendants an opportunity to amend the notice of removal. The defendants filed an amended notice of removal on September 1, 2011, properly alleging diversity jurisdiction.

On August 5, 2011, Defendants filed the instant motion to dismiss for lack of personal jurisdiction, seeking to dismiss defendant Daphne Hereford. [doc. # 4]. Plaintiff has failed to file an opposition to the motion. The matter is now before the court.

## Law and Analysis

Courts are obliged to consider personal jurisdiction before reaching the merits of a claim. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 623 (5th Cir. 1999) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant as long as (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state does not transgress due process protections under the United States Constitution. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Louisiana's long-arm statute extends jurisdiction to the full limits of the Constitution. *See* La. R. S. § 13:3201(B). Accordingly, the sole issue here is whether exercising *in personam* jurisdiction

over the non-resident defendant comports with federal due process.

When the court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, plaintiff need only make a prima facie showing of the jurisdictional facts. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006).

For personal jurisdiction to satisfy due process requirements, the plaintiff must establish that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 3/12/07) (citations omitted).

The "minimum contacts" prong divides contacts into those that give rise to general jurisdiction and those that give rise to specific jurisdiction. *Freudensprung, supra*. General jurisdiction may be exercised when a defendant's contacts with the forum state are "continuous and systematic," regardless of whether the action is related to the forum contacts. *Seiferth*, 472 F.3d at 270 (citations omitted). Specific jurisdiction applies where the non-resident defendant has relatively few contacts with the forum state, but the suit arises out of or is related to the defendant's contacts with the forum. *Id*. (citations omitted).

"A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting

activities there; and (2) the controversy arises out of or is related to the defendants [sic] contacts with the forum state." *Freudensprung, supra* (citations omitted).

Here, the initial question is whether Daphne Hereford's acts as officer/ director of RIN TIN TIN, standing alone, could justify a finding of minimum contacts sufficient for purposes of personal jurisdiction. Under both Louisiana and federal law, the "fiduciary shield doctrine" provides that "the acts of a corporate officer in his corporate capacity cannot form the basis for jurisdiction over him in an individual capacity." *Southeast Wireless Network, Inc., v. U.S. Telemetry Corp.*, 954 So.2d 120, 128 (La. 2007) (citations omitted; *see also General Retail Services, Inc.v. Wireless Toyz Franchise, L.L.C.*, 255 Fed.Appx. 775, 795 (5th Cir. 2007). The doctrine requires a court to examine the personal and individual contacts between the officer and the forum state. *Southeast Wireless Network, Inc., supra*. Louisiana and federal courts have recognized exceptions to the doctrine, one of which applies when the individual is the alter ego of the corporation. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). Another exception allows the court to exercise jurisdiction over a non-resident defendant whose tortious or fraudulent conduct would subject her to personal liability in the forum state. *See Southeast Wireless Network, Inc., supra*; *General Retail Services, Inc., supra*; *Endotech USA v. Biocompatibles Intern. PLC*, No. 00-0957, 2000 WL 1594086, at *11-12 (E.D. La. 2000).

Here, Plaintiff has produced no evidence that Hereford is the alter ego of RIN TIN TIN. Further, Plaintiff has failed to allege any specific tortious or fraudulent acts performed by Hereford in her capacity as officer/director that might subject her to personal liability in Louisiana and circumvent the fiduciary shield doctrine. Rather, the allegations in the Complaint concern the interpretation of several contracts for the sale and breeding of German Shepherd

dogs.

Neither has Plaintiff alleged sufficient minimum contacts between Hereford and Louisiana in Hereford's individual capacity. Defendants' uncontroverted evidence shows that Daphne Hereford is a domiciliary of Texas. (Mem. in Supp. of Mot. to Dismiss [Doc. #4]). She has no personal contacts with the state of Louisiana. (Answer and Countercl., ¶ 23). Her only business contacts with the state of Louisiana were as the officer/director of defendant RIN TIN TIN. *Id*. Indeed, the record is devoid of evidence that Hereford purposely directed activities toward Louisiana in her personal capacity, or that she purposely availed herself of the privilege of conducting activities here.

In sum, plaintiff simply has not made a prima facie showing of jurisdictional facts (i.e. minimum contacts) sufficient to support the exercise of personal jurisdiction over defendant Hereford in federal court in Louisiana. Having determined that no minimum contacts exist to exercise jurisdiction over Hereford, the court need not consider whether such jurisdiction would violate traditional notions of fair play and substantial justice. *Moncrief Oil Intern., Inc.*, *supra*.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for lack of personal jurisdiction filed by defendants RIN TIN TIN and Daphne Hereford [doc. # 4] be **GRANTED**, and that Plaintiff's claims against Daphne Hereford be **DISMISSED**, **without prejudice**. Fed.R.Civ.P. 12(b)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of September, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE