UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LAFREIDA HUDLESTON** | * | **CIVIL ACTION NO. 11-1427** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **RIN TIN TIN, INC., AND DAPHNE HEREFORD** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 13] filed by plaintiff LaFreida Hudleston.[1] Removing defendants RIN TIN TIN, INC. (RIN TIN TIN), and Daphne Hereford oppose the motion.[2] For reasons stated below, the motion is **DENIED**.

## BACKGROUND

Plaintiff LaFreida Hudleston filed the instant suit on July 7, 2011, in the Fourth Judicial District Court, Ouachita Parish. Doc. # 2. Made defendants were RIN TIN TIN, INCORPORATED ("RIN TIN TIN"), and Daphne Hereford, the former President and Chairman of the Board of Directors of RIN TIN TIN. The petition alleges that Defendants have failed to transfer ownership to Plaintiff of six registered purebred German Shepherd dogs. (*See* Petition,

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

[2] The undersigned has issued a Report and Recommendation dismissing defendant Hereford for lack of personal jurisdiction. *See* R. and Recommendation, Doc. # 12.

Doc. # 2, ¶ 22). Plaintiff further alleges that Defendants have failed to pay veterinary bills and boarding costs associated with certain dogs, as well as collection/storage costs related to the frozen semen of one of the dogs. (*See* Petition, ¶¶ 8-9, 15-16). Finally, Plaintiff demands that the name of one of the dogs be changed back to "its proper name" with the American Kennel Club. (*See* Petition, ¶ 6).

On August 3, 2011, Defendants jointly removed this suit to federal court. Doc. # 1. The undersigned issued an order on August 31, 2011, granting Defendants leave of court to amend the notice of removal to establish diversity jurisdiction. Doc. # 9. Thereafter, Defendants filed their amended Notice of Removal on September 1, 2011, properly alleging diversity jurisdiction, 28 U.S.C. § 1332. Doc. # 10.

Plaintiff filed the instant motion to remand on September 2, 2011, alleging that the amount-in-controversy requirement for diversity jurisdiction has not been met. Doc. # 13. Removing defendants filed their response in support of the amount in controversy on September 6, 2011. Doc. # 15. The matter is now before the court.

## LAW AND ANALYSIS

I.   **Amount in Controversy Requirement**

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961). "In general, defendants may remove a civil action if a federal court would have original jurisdiction." *Id.* (citing 28 U.S.C. § 1441(a)).

In this case, Defendants assert that federal jurisdiction exists on the basis of diversity

2

jurisdiction, which, of course, requires complete diversity of citizenship and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Currently, the only matter to be resolved is whether the amount in controversy exceeds the jurisdictional minimum.

> The Fifth Circuit has established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1).  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internal citation omitted).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).  "If a defendant is successful in proving that the amount in controversy exceeds the jurisdictional limit, the burden shifts to plaintiff to show with legal certainty that he or she will not be able to recover more than $75,000." *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *5 (E.D. La. Jan. 5, 2005) (citing *De Aguilar*, 47 F.3d at 1411-12).

Here, it is not "facially apparent" from the petition that the jurisdictional amount is met.  In the petition, Plaintiff seeks the ownership of two dogs, "Rin Tin Tin's Rin-Tin-Tin" (a.k.a. "LaFreida's Little Bit") and "Rin Tin Tin's Typhoon," for which she allegedly paid Defendants a

total of $6,000.00.  Plaintiff also seeks the ownership of four other dogs for which she has either not paid Defendants or has not stated the purchase price in the petition.  Plaintiff also seeks veterinary bills and boarding fees associated with a female dog, "Rin Tin Tin's Rinti" ("Rinti"), in the total amount of $12,734.00.  Finally, she seeks veterinary costs, boarding fees, and semen collection/storage costs associated with "Rin Tin Tin's XXX VII" for a total of $14,615.00.  Altogether, the petition makes specific reference to dollar amounts totaling $33,349.00.  This amount is apparently all that is at issue in this case, with the exception of the value of the four dogs regarding which the petition made no mention of a purchase price.  Thus, if Defendants can show that it is more likely than not that the total value of these four dogs exceeds $41, 651.00, or the difference between the aforementioned amount and the jurisdictional minimum, then Defendants will have satisfied the amount-in-controversy requirement.

     Defendants' notice of removal maintains that three of dogs at issue are breeding dogs in the RIN TIN TIN breeding program. (Notice of Removal, Doc. # 1, p. 3).  Regarding one of these, the female "Rinti," Defendants claim that "[a] female dog in the breeding program of RIN TIN TIN, INCORPORATED, is expected to have at least three litters, with an average value of $20,000.00 per litter, and thus the female dog, at issue, has an income producing value of approximately $60,000.00 to RIN TIN TIN, INCORPORATED." (*Id.* at 4-5).  Including her value as a pet after breeding, Defendants place the dog's total value at $62,500.00. (*Id*.)  This valuation of "Rinti" is supported by an attached affidavit of defendant Daphne Hereford. (*See* Exh. 2 to Notice of Removal, Affidavit of Daphne Hereford, ¶¶ 6, 7). The undersigned finds that Defendants have proven this amount by a preponderance of the evidence.  If this amount is added to the $33,349.00 from the petition, the jurisdictional amount is easily satisfied, regardless of the

4

value of the other dogs. The burden must now shift to Plaintiff to show to a legal certainty that the jurisdictional amount has not been met.

In Plaintiff's Motion to Remand, she claims that "['Rinti'] has a hip dysplasia and should not be bred." (Mot. to Remand, Doc. # 13, p. 2). However, Plaintiff offers no proof for this assertion. She later adds that "assuming that because of their lineage these dogs are worth 3 times the value of the most expensive German-shepherds bred today . . . , their combined value would still only be $63,000, putting their value $12,000 short of the requirements for federal jurisdiction." (*Id.* at 4-5). Plaintiff ostensibly forgets the $33,349.00 she described in her petition, as well as the value of the sixth dog, "Rin Tin Tin's Tsunami." Accordingly, the undersigned finds that Plaintiff has failed to show to a legal certainty that the amount-in-controversy requirement has not been met.

## CONCLUSION

For the foregoing reasons, the court finds that Defendants have established by a preponderance of evidence that the amount in controversy exceeded $75,000 at the time of removal. Thus, the court enjoys subject matter jurisdiction, via diversity. 28 U.S.C. § 1332.

Accordingly,

The motion to remand [doc. # 13] filed by plaintiff LaFreida Hudleston is hereby **DENIED**.

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 19th day of September, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE