UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LAFREIDA HUDLESTON** | * | **CIVIL ACTION NO. 11-1427** |
| **VERSUS** | * | **JUDGE JAMES T. TRIMBLE, JR.** |
| **RIN TIN TIN, INC., AND DAPHNE HEREFORD** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER GRANTING ADMISSION PRO HAC VICE

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Reconsider [doc. # 39] this Court's denial of a petition for admission *pro hac vice* [doc. # 33] filed by local counsel for Plaintiff on behalf of prospective counsel, Geordie Duckler, a member in good standing of the Oregon State Bar.[1]  Pursuant to local rule,

> [t]he motion must have attached to it a certificate of recent date from a court of the United States or the highest court or bar of the state where the attorney has been admitted showing that the applicant is in good standing. The applicant attorney shall state under oath whether any disciplinary proceedings or criminal charges have been instituted against the applicant, and if so, shall disclose full information about the proceeding or charges and the ultimate determination, if any.

LR 83.2.6 (in pertinent part).

In this Court's October 31, 2012 Order denying the petition for admission *pro hac vice*, the undersigned observed

> that "Mr. Duckler represents in his *unsworn* petition that '[t]here have been no disciplinary proceedings or criminal charges instituted against [him].' However, his attached certificate of good standing from the Oregon State Bar indicates that "[t]here are two complaints presently pending against this member. Decisions on the merits

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

of these matters have not yet been made." (Certificate of Good Standing). Although these complaints apparently have not ripened into disciplinary action against Mr. Duckler by the Oregon Supreme Court or the Oregon Disciplinary Board, they still constitute disciplinary "proceedings" that Mr. Duckler, thus far, has failed to "disclose full information about . . ."

[doc. # 34, P. 1-2]. In sum, the undersigned found that the petition for admission *pro hac vice* did not in comply with Local Rule 83.2.6; however, stated that "Petitioner may re-urge the motion by redressing the defect(s) identified herein." *Id.* at 2.

In Petitioner's Motion to Reconsider [doc. # 39], he attempts to address the defects noted in this Court's October 31, 2012 Order by disclosing copies of the complaint referenced on his updated Certificate of Good Standing.[2] *See* [doc. # 39-2]. Accordingly, the undersigned finds that Petitioner fully disclosed "any disciplinary proceedings . . . that have been instituted against" him in compliance with Local Rule 83.2.6 and further that the underlying complaint does not bar his admission *pro hac vice*.

The Court finds the Motion for Reconsideration [doc. # 39] should be **GRANTED**.

IT IS THEREFORE ORDERED that Petitioner Geordie Duckler is hereby **GRANTED** admission to practice before this Court *pro hac vice* for this case only.

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 4th day of January 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] Additionally, the undersigned notes that the Certificate of Good Standing filed with the original petition stated that there "are **two complaints** presently pending," where as the more current Certificate of Good Standing states that "[t]here is **a complaint** presently pending." *See* [docs. # 33-2, 39-1] (emphasis added). As the latest certificate also states that the applicant is in good standing, it appears that the second complaint was resolved in his favor.